963 F.2d 376
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Richard HESS, Appellant,
v.
Larry BRIMEYER; J. Manternach; Russell Behrends; John
Thalacker; John Sissel, Appellees.
 No. 91-2502.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 10, 1992.
Filed: May 27, 1992.
 
 Before JOHN R. GIBSON, Circuit Judge, LAY, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Richard Hess appeals from the decision of the district court[1] that the Iowa State Men's Reformatory (ISMR) did not violate Hess's due process rights. The ISMR disciplined Hess after determining that a letter Hess had written to a fellow inmate violated the institution's rule against sexual misconduct.
 
 
 2
 On February 18, 1988, ISMR Correctional Officer Sieks discovered two letters in the personal belongings of inmate Dale Hoskins written to him by Hess. One of the letters read, in pertinent part, as follows:
 
 
 3
 Hey little brother i'm [sic] very very sorry about yesterday. I was feeling alfull [sic] about hitting you because i[sic] told you that i[sic] would never hit you ... please forgive me will you little brother? I will never hate you Dale [sic] i[sic] got to [sic] much love in my heart for you, you might not think so right now but i[sic] do love you so damn much.... I was up all night last night looking at your pictures and the one with you and me and i[sic] was crying my eyes out because i[sic] think i[sic] lost you this time .... love your brother and partner
 
 
 4
 Plaintiff's exhibit 2. The letter also contains the statements "I care for you" and "I love you Dale," written around heart-shaped figures.
 
 
 5
 As a result of the letters, Hess received a major disciplinary notice on February 20, 1988. A hearing was held before the Adjustment Committee of the facility on February 22, 1988. Defendants Larry Brimeyer, J. Manternach, and Russell Behrends were the members of the committee. Defendants John Thalacker and John Sissel were officials responsible for enforcing prison regulations. Hess testified that he and Hoskins were close but did not have a sexual relationship. Hess, nevertheless, was found guilty of sexual misconduct in violation of ISMR Rule 15, which provides, in pertinent part, that:
 
 
 6
 A resident commits sexual misconduct when the inmate proposes a sexual contact or relationship with another person within the institution through gestures such as kissing, petting, etc., or by written and oral communications or engages in a consensual contact or relationship.
 
 
 7
 Plaintiff's exhibit 3.
 
 
 8
 The Adjustment Committee found that Hess's denial that a sexual relationship either existed between him and Hoskins or was being proposed in the letter was not credible. As a result, Hess was disciplined. He spent six days in solitary confinement, thirty days in disciplinary detention, and lost sixteen days of good conduct time. Because Hess discharged his sentence rather than being released on parole, the disciplinary report caused Hess to spend eight additional days in prison.
 
 
 9
 Hess argues that Brimeyer and the other members of the committee violated his right to due process by finding that his letter constituted sexual misconduct. He contends that his right to due process was also violated because the committee punished him for conduct not proscribed by the institution's rules. See Superintendent v. Hill, 472 U.S. 445 (1985). Hess asserts that an impermissible irrebuttable presumption that "I love you" means "let's have sex" operated in this case. He argues that even if one assumes that the presumption is rebuttable, it would not survive due process examination because the inference does not conform to reason and common sense in light of proven facts. See Francis v. Franklin, 471 U.S. 307 (1985).
 
 
 10
 The district court found that the proposition that "I love you" actually means "I would like to have sex with you" was treated by the committee as a rebuttable presumption: Hess was given an opportunity to explain his conduct before a disciplinary committee and took advantage of that opportunity. Therefore, the rebuttable presumption was constitutionally valid; Hess's due process rights were not violated.
 
 
 11
 The court also found that the committee's decision was reasonable and that it was therefore reasonable to punish Hess for the letter. An inmate retains those First Amendment rights which are not inconsistent with his status as a prisoner or the legitimate penological interests of the corrections system. Pell v. Procunier, 417 U.S. 817, 822 (1974). Hess asserts that his First Amendment right to speak freely was violated without the state's satisfying the test annunciated in Turner v. Safley, 482 U.S. 78 (1987).[2]
 
 
 12
 The district court evaluated the Turner factors and found no violation. We hold these findings not to be clearly erroneous in fact or in law. Thus, we affirm the decision of the district court. See 8th Cir. R. 47B.
 
 
 
 [1]
 The Honorable David R. Hansen, United States District Judge for the Northern District of Iowa. Judge Hansen was appointed to the United States Court of Appeals for the Eighth Circuit on November 18, 1991
 
 
 [2]
 Turner provides that in determining when a prison regulation is invalid because it is not reasonably related to a legitimate penological interest, a court must consider: 1) whether the governmental objective underlying the regulations at issue is legitimate and neutral, and whether the regulations are rationally related to that objective; 2) whether there are alternative means of exercising the rights that remain open to prison inmates; 3) the impact that accommodation of the asserted constitutional right will have on others (guards and inmates) in the prison; and 4) whether the regulation is an exaggerated response to the objective. Turner, 482 U.S. at 89-90